UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  1:12-CV-22211-JLK

RAANAN KATZ, an individual,
    Plaintiff,
vs.

IRINA CHEVALDINA,
    Defendant.

_____/

## DEFENDANT CHEVALDINA's MOTION TO DISMISS

Defendant, IRINA CHEVALDINA, (hereinafter "CHEVALDINA") hereby files this motion to dismiss Counts I and II of the Complaint (D.E. 1), pursuant to Fed.R.Civ.P. 12(b)(6) and 8(a) filed by Plaintiff, RAANAN KATZ  (herein "KATZ").

**A.      Failure to State a Claim**

Rule 8(a) of the Fed.R.Civ.P. requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 559 (2007).

> [P]ursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." 550 U.S. at 555. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth.

Fanfan v. Pediatric Servs. of Am., Inc, 2010 U.S. Dist. LEXIS 60304 (S.D. Fla.2010)(citing Bell

1

Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

Another recent case helps to further explain the standard needed for a properly pled complaint.

> To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (characterizing allegations of parallel conduct in support of a claim for price fixing as falling short of plausible). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). When evaluating a complaint on a motion to dismiss, the Court must take all of the well-pled factual allegations as true. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). As a corollary, conclusory allegations, without supporting facts, are not entitled to this presumption of truth. Iqbal, 129 S. Ct. at 1951. If the Court identifies conclusory allegations that are not entitled to the presumption of truth, it must then consider whether the remaining allegations "plausibly suggest an entitlement to relief." Id. The Court must dismiss a complaint that does not present a plausible claim entitled to relief.

Lenbro Holding, Inc. v. Falic, 2012 U.S. Dist. LEXIS 26766, 3-4 (S.D. Fla. 2012)(Honorable King).

In the instant case, KATZ fails to identify the location of the alleged copying. KATZ fails to identify where the copying occurred.  The only alleged facts refer to online activities but do not specify a website, a domain or an Internet address.  "Defendant Chevaldina operates various web sites on the Internet under the names 'Always True,' 'alwaytrue' and others, which display unauthorized copies of the Image. Defendant Chevaldina uses Google's blogspot and blogger platforms to host some of the web sites." (DE 1, p.3 ¶ 11-12). These facts are wholly inadequate and fail to give Defendant reasonable notice as to the online location of any alleged infringing material.  Hence, Defendant cannot respond to the complaint.  Under Iqbal, KATZ is required to identify **where** the alleged copyright infringement occurred. R+C+G Station, Inc. v. Urbieta Oil, Inc., 2012 U.S. Dist. LEXIS 79033 (S.D. Fla. June 7, 2012)(since there was "no

explanation of where the fire was," the complaint was dismissed under <u>Iqbal</u> and <u>Twombly</u>). Since both counts incorporate and re-allege all facts, both Counts are subject to dismissal.

Additionally, KATZ fails to adequate identify the subject image involved in this dispute. KATZ, instead redacts part of the alleged image. As a result, Defendant cannot adequately provide an appropriate response or defense. Since the complained of image is not registered in the U.S., there is no deposit copy and there is no way to verify the original content of the subject image. Therefore, unless the image is fully identified in the complaint, Defendant cannot be expected to mount a defense or be subject to a finding of copyright infringement.

Essentially, the currently pled complaint does not "plausibly suggest an entitlement to relief." There is no way for Defendant to know whether a violation could have occurred without first knowing the location and content of said violation. KATZ's statement that Defendant "operates various web sites" and that "Google's blogspot and blogger platforms to host some of the web sites" is simply to broad and unspecific. It does not state where the infringement occurred.  KATZ's use of the term "some" means that there are other websites which contain the unidentifiable subject image. Defendant should not be forced to speculate as to the scope of these claims.

**B. Failure to Satisfy Preliminary Injunction Standard:**

The pleadings completely fail to meet the standard set forth in requesting a preliminary injunction. (See DE 1, Count I, p.5 Wherefore clause ¶A, and Count II, p.6 Wherefore clause ¶A).

> "A district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." The movant must carry his burden as to each of the four

>prerequisites. Even if the movant establishes a substantial likelihood of success on the merits, his failure to establish irreparable injury "would, standing alone, make preliminary injunctive relief improper....[T]he asserted irreparable injury must be neither remote nor speculative, but actual and imminent."

C. B. v. Bd. of Sch. Comm'rs, 261 Fed. Appx. 192, 193-194 (11th Cir. 2008)(quoting Siegel v. Lepore, 234 F.3d 1163, 1176 (11th Cir. 2000))(citations omitted).

Twice, KATZ, seeks preliminary injunctive relief, in violation of the rules. As a result, CHEVALDINA requests that these demands for preliminary injunctive relief be denied and dismissed.

**IV. Conclusion**

Plaintiff has failed to plead adequately to establish prima facie case of copyright infringement as required by law, by failing to identify the source/location of the alleged infringement and failing to adequately identify the subject image. KATZ has also improperly sought a preliminary injunction without complying with the Federal Rules.

For the reasons stated herein, CHEVALDINA seeks that this Court dismiss Plaintiff's Complaint.

Dated: June 27, 2012

Respectfully submitted,

By: /RobertKain/
Robert C. Kain, Jr. (Fla. Bar No. 266760)
rkain@complexip.com
Darren Spielman (Fla. Bar No. 010868)
Dspielman@complexip.com
Kain & Associates, Attorneys at Law, P.A.
900 Southeast Third Avenue, Suite 205
Ft. Lauderdale, Florida 33316-1153
Telephone: (954) 768-9002
Facsimile: (954) 768-0158
Attorneys for Defendant Chevaldina

**CERTIFICATE OF SERVICE**

      I hereby certify that on _June 27, 2012_____, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Alan Kluger, Esq.
Todd Levine, Esq.
Lindsay Haber, Esq.
Kluger, Kaplan, et al.
Miami Center, 17th Floor
201 S. Biscayne Blvd., Suite 1700
Miami, FL 33131
305-379-9000
fax 305-379-3428

Michael Chesal, Esq.
Peretz, Chesal & Herrmann, P.L.
201 S. Biscayne Blvd., Suite 1750
Miami, FL  33131
T. 305-341-3000
F. 305-371-6807

                                                /RobertKan/
                                                Robert C. Kain, Jr.
                                                Florida Bar No. 266760

G:\RCK\CLIENTS\RK-v-John-Doe\Katz-v-Google-Chevaldina (copyright)\plead-mot-dismiss-ss.wpd