UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:12-CV-22211-JLK

RAANAN KATZ, an individual,
    Plaintiff,
vs.

IRINA CHEVALDINA,
    Defendant.

_____/

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant, IRINA CHEVALDINA, (hereinafter "CHEVALDINA") hereby files this Reply in support of her motion to dismiss the Amended Complaint (D.E. 10) pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff, RAANAN KATZ (herein "KATZ") opposed the motion at D.E. 18.

Both parties are clear on one concept: this case is simple. See first sentence in the Opposition's Introduction, D.E. 18, p. 1; and see Motion's Introduction, D.E. 10. All necessary facts are bound up in CHEVALDINA's blog. However, the positions of the parties on these simple set of facts are polar opposites. Regardless, both parties submitted detailed briefs explaining their respective positions on fair use and there is no need to rehash the concepts. CHEVALDINA believes that this Court has all facts before it sufficient to make a decision as a matter of law. This short reply addresses some procedural and legal concepts but recognizes that the parties have fully briefed the Court on the topic.

The Court, as a matter of law, can dismiss this case based upon the information presented in the Complaint and in the incorporated blog as pointed out in the motion to dismiss. "Dismissal

1

is not appropriate unless it is plain that the plaintiff can prove no set of facts that would support the claims in the complaint." Infante v. Bank of Am. Corp., 468 Fed. Appx. 918, 919 (11th Cir. 2012)(citing Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003)); see also, Coventry First, LLC v. McCarty, 605 F.3d 865, 869 (11th Cir. 2010)(affirming the district court's dismissal since the facts were not contested).

KATZ asserts that this Court cannot dismiss a case premised on an affirmative defense. This argument applies the concept that once one applies a label ("affirmative defense") to a legal position then, in all cases, the label sticks. Courts, including those in this district, routinely dismiss cases based upon issues that are considered and labeled "affirmative defenses." Courts readily review the facts presented and based upon the law make a ruling as a matter of law. For example, in copyright cases, the statute of limitations is considered to be an affirmative defense, yet courts routinely dismiss cases where the facts show that a claim is beyond the statute. Equally, courts routinely dismiss cases when the issue of lack of copyright registration is presented, even though the defense is categorized as an affirmative defense. The issue is not whether fair use is an affirmative defense, the issue is whether the facts are clearly presented (and properly before the Court, i.e., incorporation by reference) and whether, under the applicable law, the complaint should be dismissed. If a limited factual inquiry is needed, the Court may convert the motion into one for summary judgment. If KATZ' opening statement "[t]his is a cut and dry case" is true, then dismissal is proper.

All of the information is present and available for review by the Court on the accused blogs cited in the Amended Complaint, D.E. 10 (hereinafter the "Complaint"). This Court can take judicial notice of the existence and content of the blog articles and any claim or dispute over their accuracy is dispelled since the Court should accept all allegations in the complaint as being

true. Under the incorporation by reference doctrine, the review and introduction of the blogs is not only permissible, but it is necessary and reasonable for this motion. KATZ' claim that the incorporation by reference used by CHEVALDINA was improper ignores the long standing application of the doctrine and seeks only to delay the inevitable analysis that the Court must make on the fair use issue.

It seems illogical that KATZ argues that the accused blog articles cited by KATZ in the Complaint, which are publicly available and viewable, should not be considered "a document" by the Court. There is no dispute over the accuracy of the blog articles, and KATZ fails to challenge the accuracy. Simply stating that more discovery is needed is not sufficient to rebut the accuracy of the incorporated documents. As this Court might recall, the first motion to dismiss D.E. 4 sought clarification of where the alleged copyright infringement occurred, among other things, and, as a result of that first motion, KATZ filed the current Amended Complaint. KATZ has full and complete knowledge of all CHEVALDINA's articles due to the year-long defamation litigation in State Court. KATZ' current request for additional discovery ignores the thousands of pages of CHEVALDINA's documents produced in State Court and the three day deposition of CHEVALDINA.

Additionally, KATZ first complains that the blog articles should not be incorporated by reference, but then later on attempts to support his position by pointing to outside online sources, beyond the pleadings. CHEVALDINA respectfully requests that ths Court ignore any reference to the online "iStock Photo" licenses (see D.E. 18, p.17), since these materials are not part of the Complaint and cannot be incorporated by reference.

**IV. Conclusion**

For the reasons stated herein, CHEVALDINA requests that this Court dismiss Plaintiff's Amended Complaint **with prejudice**.

Dated: September 14, 2012   Respectfully submitted,

By: s/ Robert Kain
  Robert C. Kain, Jr. (Fla. Bar No. 266760)
  rkain@complexip.com
  Darren Spielman (Fla. Bar No. 010868)
  Dspielman@complexip.com
  Kain & Associates, Attorneys at Law, P.A.
  900 Southeast Third Avenue, Suite 205
  Ft. Lauderdale, Florida 33316-1153
  Telephone: (954) 768-9002
  Facsimile: (954) 768-0158
  Attorneys for Defendant CHEVALDINA

  Marc J. Randazza (625566)
  Randazza Legal Group
  6525 West Warm Springs Rd. Ste. 100
  Las Vegas, Nevada 89118
  Phone: (888) 667-1113
  Fax: (305) 437-7662
  mjr@randazza.com
  Co-counsel for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that on ___September 14, 2012_____, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Michael Chesal, Esq.
Peretz, Chesal & Herrmann, P.L.
201 S. Biscayne Blvd., Suite 1750
Miami, FL  33131
T. 305-341-3000
F. 305-371-6807

Alan Kluger, Esq.
Todd Levine, Esq.
Lindsay Haber, Esq.
Kluger, Kaplan, et al.
Miami Center, 17th Floor
201 S. Biscayne Blvd., Suite 1700
Miami, FL 33131
305-379-9000
fax 305-379-3428

                                               /RobertKain/
                                                 Robert C. Kain, Jr.
                                                 Florida Bar No. 266760