UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-22211-CIV-KING

RAANAN KATZ,

       Plaintiff,

v.

IRINA CHEVALDINA,

       Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS

**THIS MATTER** comes before the Court upon Defendant's Second Motion to Dismiss (DE #14), filed August 10, 2012. Therein, Defendant alleges that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. In short, Defendant acknowledges using Plaintiff's copyrighted picture without Plaintiff's consent, but argues that she was not liable for infringement under copyright's fair use doctrine. The Court, being fully briefed on the matter,[1] finds that Plaintiff has adequately stated a prima facie case of copyright infringement; on these facts and filings, Defendant's fair use defense is not appropriate for determination on a motion to dismiss. Accordingly, Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) must be denied.

Plaintiff Raanan Katz is a real estate developer and minority owner of the Miami Heat. Defendant Irina Chevaldina is the proprietor and author of several blogs critical of Katz and his business activities. In his Amended Complaint (DE #10), filed June 12, 2012, Plaintiff alleges that he owns the copyright in a picture of himself photographed in Israel in early 2011 (the

---

[1] Plaintiff filed a Response (DE #18) on September 6, 2012. Defendant replied (DE #20) on September 14, 2012.

"Image") and that Defendant reproduced the Image on multiple occasions without permission. (DE #1, ¶¶ 7–9). Plaintiff further alleges that Defendant's unauthorized use of the Image constitutes copyright infringement, pursuant to 17 U.S.C. § 501, by violating Plaintiff's exclusive rights in the Image. (*Id.* at ¶¶ 13–14). He seeks actual damages as well as a permanent injunction against Defendant "copying, displaying or otherwise using the Image" and an order that Defendant destroy any existing copies of the Image. (*Id.* at ¶¶ (A)–(D)). Defendant, in her Second Motion to Dismiss, does not dispute Plaintiff's factual pleadings. Indeed, she acknowledges using the Image without permission. *See, e.g.*, (DE #14, p. 7) ("Chevaldina's use of the image for commentary and criticism of Katz is a classic fair use."). Instead, Defendant claims that copyright's fair use doctrine, which provides a full affirmative defense to a copyright infringement claim when applicable, *see Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1239 (11th Cir. 2010), immunizes her from liability.

The question now before the Court is whether Defendant's fair use defense is ripe for determination on a motion to dismiss.

To survive a Rule 12(b)(6) motion, the complaint must include "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). The court generally is limited in its review to the "four corners of the complaint," *Speaker v. U.S. Dep't. of Health & Human Servs.*, 623 F.3d 1371, 1379 (11th Cir. 2010), and must accept all well-pled factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007). The Court does not make factual determinations in evaluating a motion to dismiss. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). If the complaint's allegations are plausible under the alleged facts, then the court must view them

in the light most favorable to the plaintiff. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010).

It is easy to see why a fair use defense typically cannot be analyzed upon a Rule 12(b)(6) motion. "Fair use is a mixed question of law and fact." *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 560 (1985). There is no categorical list of fair uses, but criticism, commentary, news reporting, parody, and teaching tend to lend themselves to such a finding. *See* 17 U.S.C. § 107. The court's determination involves weighing at least four statutory factors,[2] which usually requires making factual findings or relying on undisputed or admitted material facts. *Browne v. McCain*, 612 F. Supp. 2d 1125, 1130 (C.D. Cal. 2009). "Thus, in light of a court's narrow inquiry at this stage and limited access to all potentially relevant and material facts needed to undertake the analysis, courts rarely analyze fair use on a 12(b)(6) motion." *Id.* at 1130; *see also LaChapelle v. Fenty*, 812 F. Supp. 2d 434, 448 (S.D.N.Y. 2011).

There is little judicial precedent—and none in this Circuit or Court—to the contrary. Indeed, this Court's Rule 12(b)(6) cases cited by Defendant have no connection to copyright law and are inapplicable to this case.[3] Overlooking the corpus of copyright law, Defendant's motion fails to explain why the above-styled action should be the exception to the general rule that fair use defenses are not ripe for determination before the summary judgment stage.[4] Defendant's

---

[2] These non-exhaustive factors are:
    (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
    (2) the nature of the copyrighted work;
    (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
    (4) the effect of the use upon the potential market for or value of the copyrighted work.
17 U.S.C. § 107.
[3] *See* DE #14, pp. 6–7 (citing *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.* 841 F. Supp. 2d 1274 (S.D. Fla. 2012); *Lenbro Holding, Inc. v. Falic*, No. 11–CV–22799, 2011 WL 4706194 (S.D. Fla. Oct. 4, 2011)). The former case concerns the Fair Labor Standards Act and the latter a guaranty contract.
[4] "[I]t is well established that a court can resolve the issue of fair use on a motion for summary judgment," *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 530 (9th Cir. 2008), "[i]f there are no genuine issues of material fact, or if, even after resolving all issues in favor of the opposing party, a reasonable trier of fact can reach only one conclusion . . . ." *Fuentes v. Mega Media Holdings, Inc.*, No. 09–CV–22979, 2011 WL 2601356 at *6 (S.D. Fla.

sole authority for granting her motion is the recent Seventh Circuit decision in *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687 (7th Cir. 2012). *Brownmark* has yet been applied only in the southern and northern districts of Illinois and does not control in this Court. More importantly, the facts of this case and nature of the pleadings do not fit within the *Brownmark* framework. The distinctions are dispositive.

First, in *Brownmark* the plaintiff alleged a single infringing use: the defendant's derivative exploitation of the plaintiff's copyrighted video in one episode of "South Park" titled "Canada on Strike." In the instant case, Plaintiff Katz alleges that Defendant Chevaldina has published numerous infringing copies of the Image. At least one of those copies was published after the initiation of the above-styled action and in direct reference to this lawsuit. *See* (DE #14-1, p. 16). Accordingly, whereas "South Park's" fair use argument could be evaluated within a single context, the Court's analysis of Defendant Chevaldina's fair use argument may differ depending on the various contexts of the Image's use.

Second, the plaintiff in *Brownmark* did "not even bother[] to address the substance of the fair use question, providing th[e] court with absolutely no indication of any evidence or factors outside of the episode in question that could even possibly influence the resolution of the fair use issue in the plaintiff's favor." *Brownmark Films, LLC v. Comedy Partners*, 800 F. Supp. 2d 991, 999 (E.D. Wis. 2011). Conversely, in the instant case Plaintiff filed a lengthy Response to the motion to dismiss (DE #18) that focuses on refuting Defendant's fair use defense.

Third, the Seventh Circuit in *Brownmark* emphasized that a fair use defense in which the infringing work is parody is more likely to be ripe for resolution upon a motion to dismiss than other fair uses. 682 F.3d at 692. Here, Defendant alleges that her use of the Image was not for

---

June 9, 2011) (quoting *Worldwide Church of God v. Philadelphia Church of God, Inc.*, 227 F.3d 1110, 1115 (9th Cir. 2000)). Even this relatively recent development is a departure from the common law understanding of fair use as a factual issue for the jury. *See generally* Ned Snow, *Fair Use as a Matter of Law*, 89 DENV. U. L. REV. 1 (2011).

parody but for news reporting and commentary. (DE #14, p. 10). Though news reporting and commentary lend themselves to fair uses, *see* 17 U.S.C. § 107, such a determination is far from automatic and is more appropriately resolved after the complaint has been answered and parties have evaluated any need for discovery.

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that Defendant's Second Motion to Dismiss (**DE #14**) be, and is hereby, **DENIED.** Defendant shall **ANSWER** Plaintiff's Amended Complaint on or before October 26, 2012.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 5th day of October, 2012.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

**Cc:**

*Plaintiff's Counsel*

**Alan Jay Kluger**
Kluger, Kaplan, Silverman, Katzen, & Levine, PL
201 S. Biscayne Boulevard
Suite 1700
Miami, FL 33131
305-379-9000
Fax: 379-3428
Email: akluger@klugerkaplan.com

**Joshua Evan Saltz**
Peretz, Chesal & Herrmann, PL
201 S. Biscayne Blvd.
Suite 1750
Miami, FL 33131

305-341-3000
Fax: 371-6807
Email: jsaltz@pch-iplaw.com

**Michael B. Chesal**
Peretz, Chesal & Herrmann, PL
201 S Biscayne Boulevard
Suite 1750
Miami, FL 33131-8424
305-341-3000
Fax: 371-6807
Email: mchesal@pc-iplaw.com

***Defendant's Counsel***

**Robert Charles Kain, Jr.**
Kain & Associates, Attorneys at Law, P.A.
900 SE Third Avenue
Suite 205
Fort Lauderdale, FL 33316
954-768-9002
Fax: 768-0158
Email: rkain@complexip.com

**Darren Joel Spielman**
Kain & Associates, Attorneys at Law, P.A.
900 SE Third Avenue
Suite 205
Ft. Lauderdale, FL 33316
954-768-9002
Fax: 768-0158
Email: dspielman@complexip.com

**Marc John Randazza**
6525 W. Warm Springs Rd.
Suite 100
Las Vegas, NV 89118
888-667-1113
Fax: 305-437-7662
Email: MJR@randazza.com