## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

CASE NO.  12-22211-CIV-KING

RAANAN KATZ,

      Plaintiff,

v.

IRINA CHEVALDINA,

      Defendant.

_____/

### ORDER DENYING JOINT MOTION FOR PROTECTIVE ORDER

**THIS CAUSE** is before the Court upon the Parties' Joint Motion for Entry of
Stipulation and Agreed Upon Protective Order Regarding Confidential Information (DE
#22), filed October 22, 2012.  Therein, the parties submitted a proposed confidentiality
order, which they would have govern discovery proceedings during the course of this
litigation.

    After a review of the parties' Joint Motion and proposed order, the Court finds that
the parties have offered no compelling basis to overturn the Court's long-standing
principle and practice of maintaining Court proceedings and documents public.  "The
Federal Judiciary has zealously protected the right of all citizens to free, open and public
trials."  *Dorsman v. Glazer*, No. 03-22861, 2004 WL 1368866, at *1 (S.D. Fla. 2004).
Open judicial proceedings are "rooted in the 'principle that justice cannot survive behind

1

the walls of silence,' and in the 'traditional Anglo-American distrust for secret trials.'"
*Sheppard v. Maxwell*, 384 U.S. 333, 349 (1966). Except in rare instances, it is the right of
every American to see the public's business conducted in an open forum.[1] Under this
precedent, judicial documents are presumptively available to the public but may be sealed
if the right to access is outweighed by other higher interests favoring non-disclosure.
*Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 602 (1978). This Court has broad
discretion when evaluating such a motion. *In re Alexander Grant & Co. Litig.*, 820 F.2d
352, 357 (11th Cir. 1987). "Cases have been closed on rare occasions where, for
example, disclosure of certain information would threaten national security or place an
individual in grave physical danger." *Dorsman*, 2004 WL 1368866, at *2.

Such rare occasions are not present in the above-styled matter. Indeed, the parties
have provided no evidence even suggesting such need. Moreover, the Court notes an
inconsistency in Defendant joining the instant motion. In her Second Motion to Dismiss
(DE #14), Defendant argued at length that Plaintiff's lawsuit was directed at preventing
her from publishing online news articles critical of Plaintiff's business; this case was
allegedly no more than an attempt to silence her speech. But with this Joint Motion,
Plaintiff and Defendant want to keep the factual development of this case secret. Though
the public has no First Amendment right of access to pretrial discovery materials, the
parties must show good cause for a protective order. *In re Alexander Grant & Co. Litig.*,

---

[1] The State of Florida, in 1967, enshrined the same principle by passage of the Florida Government in
Sunshine Law, a law whose expansive scope was confirmed by this Judge in *Berns v. City of Miami
Beach*, (unpublished opinion), *aff'd* 231 So. 2d 847 (Fla. 3d DCA 1970), *writ discharged by* 245 So. 2d
38 (Fla. 1971).

820 F.2d at 357.

In addition, the parties elected to seek (and defend) relief in a publicly operated

forum, namely the United States District Court for the Southern District of Florida.  The

proceedings held in federal and state courts are open to public observation by any

interested party.  Pursuant to Local Rule 5.4 for the Southern District of Florida, absent

some extraordinary need for secrecy, the judicial acts performed should be open to public

scrutiny.[2]

The Court finds that the parties have not shown good cause to justify their desire

for secrecy.  Therefore, the Court cannot, and does not, approve the motion for protective

order.

Accordingly, after a careful review of the record and being otherwise fully

advised, it is therefore, **ORDERED, ADJUDGED** and **DECREED** that the Parties'

**Joint Motion for Entry of Confidentiality Order (DE #78)** be, and the same is hereby,

**DENIED.**

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice

Building and United States District Courthouse, Miami, Florida this 26th day of October,

2011.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

---

[2] **Rule 5.4 Filing Under Seal; Disposal of Sealed Materials - A. General Policy.**  Unless otherwise
provided by law, Court rule or Court order, proceedings in the United States District Court are public and
Court filings are matters of public record.

3

**Cc:**

*Plaintiff's Counsel*

**Alan Jay Kluger**
Kluger, Kaplan, Silverman, Katzen, & Levine, PL
201 S. Biscayne Boulevard
Suite 1700
Miami, FL 33131
305-379-9000
Fax: 379-3428
Email: akluger@klugerkaplan.com

**Joshua Evan Saltz**
Peretz, Chesal & Herrmann, PL
201 S. Biscayne Blvd.
Suite 1750
Miami, FL 33131
305-341-3000
Fax: 371-6807
Email: jsaltz@pch-iplaw.com

**Michael B. Chesal**
Peretz, Chesal & Herrmann, PL
201 S Biscayne Boulevard
Suite 1750
Miami, FL 33131-8424
305-341-3000
Fax: 371-6807
Email: mchesal@pc-iplaw.com

*Defendant's Counsel*

**Robert Charles Kain, Jr.**
Kain & Associates, Attorneys at Law, P.A.
900 SE Third Avenue
Suite 205
Fort Lauderdale, FL 33316
954-768-9002

4

Fax: 768-0158
Email: rkain@complexip.com

**Darren Joel Spielman**
Kain & Associates, Attorneys at Law, P.A.
900 SE Third Avenue
Suite 205
Ft. Lauderdale, FL 33316
954-768-9002
Fax: 768-0158
Email: dspielman@complexip.com

**Marc John Randazza**
6525 W. Warm Springs Rd.
Suite 100
Las Vegas, NV 89118
888-667-1113
Fax: 305-437-7662
Email: MJR@randazza.com