UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:12-CV-22211-JLK

RAANAN KATZ, an individual,
    Plaintiff,
vs.

IRINA CHEVALDINA,
    Defendant.

_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, IRINA CHEVALDINA, (hereinafter "CHEVALDINA") hereby files this Answer and Affirmative Defenses to Plaintiff, RAANAN KATZ's (herein "KATZ") Amended Complaint.

1. In response to paragraph 1 of the Amended Complaint under the heading "Nature of Suit," this paragraph states a legal conclusion to which no response is required; but to the extent a response is appropriate, Defendant admits that this is an action for alleged copyright infringement. Except as so admitted, Defendant denies each and every allegation contained in Paragraph 1 of the Amended Complaint.

2. In response to Paragraph 2 of the Amended Complaint under the heading Subject Matter Jurisdiction, Venue, and Personal Jurisdiction, this paragraph states legal conclusions to which no responses are required; but to the extent a response is appropriate, Defendant admits that the Court has federal-question jurisdiction over the alleged copyright infringement claims. Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations

1

of Paragraph 2 of the Amended Complaint—and on that basis denies each and every such other allegation contained therein.

3. In response to Paragraph 3 of the Amended Complaint under the heading Subject Matter Jurisdiction, Venue, and Personal Jurisdiction, this paragraph states legal conclusions to which no responses are required; but to the extent a response is appropriate, Defendant admits that the Court has personal jurisdiction over Defendant. Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations of Paragraph 3 of the Amended Complaint—and on that basis denies each and every such other allegation contained therein.

4. In response to Paragraph 4 of the Amended Complaint under the heading Subject Matter Jurisdiction, Venue, and Personal Jurisdiction, this paragraph states legal conclusions to which no responses are required; but to the extent a response is appropriate, Defendant admits that venue is proper in this Court. Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations of Paragraph 4 of the Amended Complaint—and on that basis denies each and every such other allegation contained therein.

5. Admitted.

6. Admitted.

7. In response to Paragraph 7 of the Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

8. In response to Paragraph 8 of the Amended Complaint under the heading Facts, this paragraph states legal conclusions to which no responses are required. Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations of

Paragraph 8 of the Amended Complaint—and on that basis denies each and every such other allegation contained therein.

9. Defendant admits that she is responsible for the reporting articles present on the informational blogs "www. rkassociatesusa.blgospot.com" and "www .rkassociates-sunnyisles.blogspot.com." Except as so admitted or denied, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9, and on that basis denies each and every allegation contained therein.

10. In response to Paragraph 10 of the Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

11. In response to Paragraph 11 of the Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

12. In response to Paragraph 12 of the Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

13. In response to Paragraph 13 of the Amended Complaint under the heading Facts this paragraph states legal conclusions to which no responses are required. Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations of Paragraph 13 of the Amended Complaint—and on that basis denies each and every such other allegation contained therein.

14. Denied.

15. Denied.

16. Denied.

In response to Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to injunctive relief of any sort against Defendant; Defendant denies that Plaintiff is entitled to a monetary award of any sort (whether damages, statutory damages, losses, profits, attorneys' fees, interest, costs, or anything else) against Defendant; and Defendant denies that Plaintiff is entitled to any other relief from Defendant.

## **AFFIRMATIVE DEFENSES**

1. MISUSE: Defendant is informed and believes and on that basis alleges that the Amended Complaint, and each and every purported claim for relief thereof, is barred (in whole or in part) by Plaintiff's misuse of the purported copyright or copyrights for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

2. FAILURE TO MARK: Defendant is informed and believes and on that basis alleges that the Amended Complaint, and each and every purported claim for relief thereof, is barred (in whole or in part) because Plaintiff failed to properly mark its alleged copyrighted material and to give Defendant proper notice of its claimed copyright for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

3. LACHES: Defendant is informed and believes and on that basis alleges that the Amended Complaint, and each and every purported claim for relief thereof, is barred (in whole or in part) because of the doctrine of laches, among other things, because Plaintiff has unreasonably delayed in bringing this action by failing to exercise reasonable diligence, and this delay has prejudiced

Defendant with a reasonable opportunity for investigation or discovery being likely to provide evidentiary support.

4. UNCLEAN HANDS: Defendant is informed and believes and on that basis alleges that the Amended Complaint, and each and every purported claim for relief thereof, is barred (in whole or in part) because of Plaintiff's unclean hands for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

5. PRIVILEGE: Defendant is informed and believes and on that basis alleges that the Amended Complaint, and each and every purported claim for relief thereof, is barred (in whole or in part) because Defendant was privileged to use the photograph in articles describing Plaintiff and his businesses for which a reasonable opportunity for investigation or discovery being likely to provide evidentiary support.

6. FAILURE TO JOIN:  Defendant is informed and believes and on that basis alleges that the Amended Complaint, and each and every purported claim for relief thereof, is barred (in whole or in part) is barred because Plaintiff has failed to join parties, including without limitation others claiming ownership of the alleged copyright or copyrights asserted by Plaintiff in this action, which are necessary for a full and complete adjudication of its claims, including without limitation as required by Rule 19 of the Federal Rules of Civil Procedure for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

7. NO DAMAGES:  Defendant is informed and believes and on that basis alleges that the Amended Complaint, and each and every purported claim for relief thereof, is barred (in whole or in part) because Plaintiff has sustained no loss or damages for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

8. INNOCENCE:  If Plaintiff suffered any damages, which Defendant denies, Defendant acted in good faith, innocent of any knowledge or intent to infringe Plaintiff's rights or cause damage to Plaintiff; and if such good faith and lack of intent does not preclude liability, any general or statutory damages awarded to Plaintiff should be reduced accordingly.

9. FAIR USE:  Defendant is informed and believes and on that basis alleges that the Amended Complaint, and each and every purported claim for relief thereof, is barred (in whole or in part) due to fair use of the photograph, for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

10.  PRIVILEGE - FIRST AMENDMENT: Defendant is informed and believes and on that basis alleges that the Amended Complaint, and each and every purported claim for relief thereof, is barred (in whole or in part) because Defendant has a privilege to report court-related matters effecting Plaintiff and Plaintiff's businesses and to report other business-related events in the public record and is justified in acting as it did, for which a reasonable opportunity for investigation or discovery being likely to provide evidentiary support.

11. FRAUD:  Defendant is informed and believes and on that basis alleges that the Amended Complaint, and each and every purported claim for relief thereof, is barred (in whole or in part) because Plaintiff knowingly procured the copyright(s) without authorization of the author and has misrepresented Plaintiff's rights, for which a reasonable opportunity for investigation or discovery being likely to provide evidentiary support.

12.  STANDING: Defendant is informed and believes and on that basis alleges that the Amended Complaint, and each and every purported claim for relief thereof, is barred (in whole or in part) because Plaintiff does not own a copyright to the photograph and has no standing to maintain this action, for which a reasonable opportunity for investigation or discovery being likely to provide evidentiary support.

13.   FAILURE TO MITIGATE: Plaintiff's claim for damages should be denied because he failed to mitigate his damages , for which a reasonable opportunity for investigation or discovery being likely to provide evidentiary support.

14.  STATUTE BARS ATTORNEYS FEES:  Plaintiff's claim for attorneys fees should be denied because the Copyright Act requires that the copyright be registered prior to infringement (17 U.S.C. § 412) as a pre-condition to a claim for attorneys fees, for which a reasonable opportunity for investigation or discovery being likely to provide evidentiary support.

15.  STATUTE BARS STATUTORY DAMAGES: Plaintiff's claim for statutory damages should be denied because the Copyright Act requires that the copyright be registered prior to

infringement (17 U.S.C. § 412) as a pre-condition to a claim for statutory damages, for which a reasonable opportunity for investigation or discovery being likely to provide evidentiary support.

WHEREFORE, Defendant IRINA CHEVALDINA prays as follows:

1. That Plaintiff take nothing, whether in the form of damages or injunctive relief, by its Amended Complaint;

2. For a judgment dismissing the Amended Complaint with prejudice;

3. For costs of suit including, without limitation, reasonable attorneys' fees as may be allowed under Section 505 of Title 17 of the United States Code for the defense of this action and as may otherwise be allowed by law; and

4. For such other and further relief as the Court deems just and proper.

DEFENDANT DEMANDS TRIAL BY JURY.

Dated: Oct 26, 2012            Respectfully submitted,

> By:  s/ Robert Kain
> Robert C. Kain, Jr. (Fla. Bar No. 266760)
> rkain@complexip.com
> Darren Spielman (Fla. Bar No. 010868)
> Dspielman@complexip.com
> Kain & Associates, Attorneys at Law, P.A.
> 900 Southeast Third Avenue, Suite 205
> Ft. Lauderdale, Florida 33316-1153
> Telephone:     (954) 768-9002
> Facsimile:     (954) 768-0158
> Attorneys for Defendant CHEVALDINA
>
> Marc J. Randazza (625566)

>Randazza Legal Group
>6525 West Warm Springs Rd. Ste. 100
>Las Vegas, Nevada 89118
>Phone: (888) 667-1113
>Fax: (305) 437-7662
>mjr@randazza.com
>Co-counsel for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on ___Oct 26, 2012_____, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Michael Chesal, Esq.
Joshua Saltz, Esq.
Peretz, Chesal & Herrmann, P.L.
201 S. Biscayne Blvd., Suite 1750
Miami, FL  33131
T. 305-341-3000
F. 305-371-6807

Alan Kluger, Esq.
Kluger, Kaplan, et al.
Miami Center, 17th Floor
201 S. Biscayne Blvd., Suite 1700
Miami, FL 33131
305-379-9000
fax 305-379-3428

>  /RobertKain/
>Robert C. Kain, Jr.
>Florida Bar No. 266760