UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-22211-CIV-KING

RAANAN KATZ, individually

    Plaintiff,

v.

IRINA CHEVALDINA,

    Defendant.
_____/

### Defendant Irina Chevaldina's Response in Opposition to Plaintiff's Motion to Strike Affirmative Defenses

### Introduction

The motion to strike Defendant Irina Chevaldina's affirmative defenses must be denied. This is a frivolous copyright case, in which the Plaintiff purports to have acquired the copyright to a photograph of the Plaintiff and alleges that the Defendant violated his copyright when she posted the photograph on her blog.  (D.E.10 ¶ 9.)  The photograph was placed on the blog along with commentary and news reporting of Plaintiff and related parties' business and litigation activities and practices connected to shopping malls they own and control.

Plaintiff has admitted that 1) he has not been injured by the blog, 2) the only reason he objects to publication of the photograph is that it depicts him as "underdressed," and 3) he allegedly acquired the copyright solely to shut down Defendant's blog, which he has acknowledged is a "news publication." Plaintiff and related parties have sued Defendant in Florida Circuit Court seeking damages and injunctive relief preventing Defendant from operating her blog.  *R.K./FL Management, Inc., et al. v. Chevaldina, et al.*, Case No. 11-17842.  The

instant action is but another front in these litigation efforts.

.       The Motion to Strike ignores the procedural posture of the case. Affirmative defenses one through fifteen were asserted in Defendant's original answer, and Plaintiff did not move to strike them. The only new affirmative defense is No. 16 for litigation misconduct, a defense that Defendant withdraws without prejudice. The motion to strike is, accordingly, untimely as to the first fifteen affirmative defenses.

Plaintiff does not simply ignore the procedural posture of the case, he also ignores his own pleadings and the remainder of the record in this case and expresses ignorance of what the affirmative defenses mean. The case in point is the fair use defense (Defense Number 9). Plaintiff takes the position that Defendant has not provided "factual support" for the fair use defense. (D.E. 41 at 6.) This is a highly confusing argument, given that the fair use defense was thoroughly briefed in Defendant's second motion to dismiss. Likewise, the remaining affirmative defenses are proper.

## Argument

### I.      The Motion to Strike is Untimely as to Affirmative Defenses One through Fifteen.

This motion to strike is untimely as to all but one of the affirmative defenses. Defendant's Answer and Affirmative Defenses filed on October 26, 2012 (D.E. 24), asserted affirmative defenses one through fifteen to Plaintiff's Amended Complaint. Plaintiff did not file a timely motion to strike these affirmative defenses. On January 2, 2013, Defendant filed her Amended Answer and Affirmative Defenses, which repeated the original fifteen affirmative defenses and asserted a new sixteenth affirmative defense of "Litigation Misconduct."

Rule 12(f) provides:

2

> Upon motion made by a party before responding to a pleading, or, if no responsive pleading is permitted by these rules, upon motion made by a party within **20 days** after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R. Civ. P. 12(f) (emphasis added). As the Federal Rules generally do not permit a responsive pleading to an answer, *see* Fed R. Civ. P. 7(a), Plaintiff was required to file any motion to strike within twenty days of being served with Defendant's answer and affirmative defenses. As stated in *Sakolsky v. Rubin Mem'l Chapel, LLC*, No. 07-80354-CIV, 2007 WL 3197530 at *2 (S.D. Fla. Oct. 26, 2007), "[b]ecause the Federal Rules of Civil Procedure do not permit a responsive pleading to an Answer, Plaintiffs had only 20 days after being served with Defendants' Answer to file their Motion to strike." In *Sakolsky*, the Court held that "Plaintiffs filed their Motion to Strike over three months after Defendants filed their Answer. Therefore, Plaintiffs' Motion to Strike is untimely and I will deny it." *Id.* A motion to strike is a drastic remedy and is "generally disfavored in court." *Pujals v. Garcia*, 777 F. Supp. 2d 1322, 1327 (S.D. Fla. 2011) (King, J. presiding).

In this case, Defendants filed their Answer asserting the original fifteen affirmative defenses on October 30, 2012, and those affirmative defenses drew no motion to strike. It was only after Plaintiff added the sixteenth affirmative defense in her amendment that Plaintiff sought to strike the original fifteen affirmative defenses. The motion to strike is simply untimely as to the original fifteen affirmative defenses.

3

## II.     Defendant Withdraws the Sixteenth Affirmative Defense of Litigation Misconduct Without Prejudice.

The only new affirmative defense asserted in the Amended Answer is Litigation Misconduct.  Plaintiff argues that this is not an affirmative defense, but should be raised in motion practice.  As set forth in *Abbot Point of Care, Inc. v. Epcal, Inc.*, 868 F. Supp. 2d 1310, 1321 (N.D. Ala. 2012), litigation misconduct can support an unclean hands defense, which Defendant has already asserted.  Accordingly, Defendant withdraws the Litigation Misconduct Affirmative Defense as a separate Affirmative Defense without prejudice to raise issues presented therein by motion or in connection with other affirmative defenses and issues in the case, as appropriate.

## III.     The Original Affirmative Defenses Should Not be Stricken

As set forth above, a motion to strike was not timely asserted as to Affirmative Defenses one through fifteen.  These should also not be stricken for the reasons set forth below.

### a. Unclean Hands (Affirmative Defense No. 4.)

Plaintiff admitted at deposition that he allegedly acquired the copyright and brought this clam for purposes of causing Defendant to stop blogging about him.  This was also admitted in a letter he wrote to the alleged photographer.  Plaintiff is not claiming that he lost any economic value of the photograph itself and has alleged no plans, much less the ability, to commercially exploit the photograph.  Plaintiff did not contact the alleged photographer to complain about the photograph until after he saw the photo in the blog, even though he had seen the photograph earlier on Haaretz.com. (Ex. A, Katz Depo. at 83:12-16 – 84:1.)  As Plaintiff admitted at deposition, the "[o]nly reason we try to do it to make sure that – that [Defendant] will stop using

4

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

this nonsense." (Ex. A, Katz Depo. at 150:9-15.)[1] He admitted that the "only reason" he contacted the photographer "is because I saw the blog . . . If he don't have a blog, I would've not have – I would leave it alone, it's a joke." (*Id.* at 78:12-19.) Katz also wrote the alleged photographer that he wanted the assignment of copyright because his "attorney is trying to legally eliminate the harassment by very bad Russian people." (Ex. B.) Even after Haaretz.com published the photograph following the filing of this lawsuit, Plaintiff never wrote it to demand that it be taken down. (Ex. A, Katz Depo. at 125:14-21.) Thus, the sole purpose of acquiring the copyright and bringing this action is to open another front in his ongoing effort to shut down Defendant's blog.

*Rosemont Enterprises, Inc. v. Random House, Inc.*, 366 F.2d 303 (2d Cir. 1966) is similar and instructive on the issue of unclean hands. There, an entity controlled by Howard Hughes purchased the copyright of certain magazine articles about him solely for the purpose of seeking to enjoin publication of a biography that relied in part on the articles. A majority of the panel held that because the plaintiff sued "not with a desire to protect the value of the original writing but to suppress the Random House biography because Hughes wished to prevent its publication. [¶] The plaintiff's conduct in this transaction was not consistent with the equity it seeks; it came to the court with unclean hands." *Id.* at 313 (Lumbard, C.J. and Hays, J. concurring). Similarly, Plaintiff comes to this court with unclean hands, and the unclean hands defense should not be stricken.

---

[1] This is clearly referring to Defendant's blog as Plaintiff has referred to the blogs as "nonsense." (Depo. at 184:11-24.) For example, on August 26, 2011, seeking "Removal of Ugly Picture," Plaintiff sent a letter to the alleged photographer stating, "I currently have a problem with an ex-employee who has gotten into some illegal things. Due to his removal, he is contacting online news publications telling them complete lies about me and also sent them an old ugly picture that they found on the internet, specifically an HAARETZ.COM article." (Ex. C.)

### b. No Damages  (Affirmative Defense No. 7)

This affirmative defense states that "each and every purported claim for relief thereof, is barred (in whole or in part) because Plaintiff has sustained no loss or damage . . . ."  This defense has been borne out in discovery.  Plaintiff admitted at his deposition that the sole injury he suffered was to his vanity because the photograph, which had previously been widely publicized by Haaretz.com, depicted him as "underdressed"[2] and Defendant "could've put a good picture instead of this ugly pictures [sic]."  (Ex. A, Katz Depo. at 90:24-91:2.)  Plaintiff claims no damage or injury by virtue of the blog and has testified that "no one believes the nonsense written on the blog."  (Ex. C; Ex. A, Katz  Depo. at 184:16-24.)[3]  Plaintiff cannot claim any business injury because the retail rental business is held through non-party entities, and Plaintiff's son Daniel is the principal of these companies. (Ex. D., Answer Brief at 1 n. 1.)  Moreover, the profits of those businesses have held steady over the past three years.  (Katz Depo. at 62:5-7.)  Plaintiff has also stipulated in the pending state court proceedings that seeks removal of the blog that the rental properties are "successful," "substantially occupied," and  renters have been located.  (Ex. E, Trans. of Nov. 1, 2012 Hearing at 35-37.)  Even the one potential renter cited by the state court plaintiffs failed to rent space, not because of the blogs, but because of inadequate space at the property.  (*Id.* at 37:8-10.)     <u>Recognizing the lack of damages, Plaintiff's counsel has also stated on the record that Plaintiff is withdrawing the damage claim and is only proceeding with the injunction claim.</u>  (Katz Depo. at 62:15-17.)  Given Plaintiff's own

---

[2] The photo is set out at paragraph 7 of the Amended Complaint and shows Mr. Katz wearing a jacket or coat.  Plaintiff also noted that the picture shows him sticking his tongue out like Michael Jordan. (Ex. A, Katz Depo. at 214:12-215:1.)

[3] In a letter seeking "Removal of Ugly Picture," Plaintiff stated, "While no one believes the nonsense written on the blog, the picture is a total insult to me . . ."  (Ex. C hereto.)

6

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T:  305.858.2900    F:  305.858.5261
Email:  info@coffeyburlington.com    www.coffeyburlington.com

admissions (of which he is obviously aware), he must not be heard to claim any damage or injury by virtue of the alleged infringement.

Plaintiff argues that it has the burden of showing loss and damages and that the defense should therefore be stricken.  (D.E. 41 at 6.)   However, if such is the case, the proper remedy is to deny the motion to strike and treat the defense as a specific denial.  *Pujals*, 777 F. Supp. 2d at 1328.

### c.  Statute Bars Attorney's Fees for Plaintiff (Affirmative Defense No. 14.)

Although Plaintiff alleges that he has hired counsel and agreed to pay them a fee, Plaintiff has not even asserted attorneys' fees as a requested relief.  (D.E. 10 at 4.)  Plaintiff omitted this request for relief for a reason: he has failed to register the copyright prior to bringing the action, which is fatal to any claim for attorneys' fees by Plaintiff.  Pre-suit registration is required to seek attorneys' fees.  17 U.S.C. § 412.  As stated in § 412, "[i]n **any** action under this title . . . no award of statutory damages or of attorney's fees . . . shall be made for – (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." (Emphasis added.)  "The loss of remedies under Section 412 due to failure to register is applicable to works of foreign origin as well as domestic works.  2 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 7.16[C][1][a][iv] (Matthew Bender Rev. Ed.).  As stated in *Kernel Records Oy v. Mosely*, 694 F. 3d 1294, 1302 (11th Cir. 2012), "Owners of foreign works may choose to apply for registration because Congress has granted substantial litigation benefits to owners of registered works  . . . only owners of registered works may collect statutory damages and attorney's fees." In any event, it is the Plaintiff's burden to establish

7

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

whether it is a foreign work. *Id.* at 1309.[4]  The motion to strike must be denied, and Plaintiff should be precluded from seeking attorneys' fees in this action.

### d. Statute Bars Statutory Damages (Affirmative Defense No. 15.)

Plaintiff is not entitled to statutory damages either.  As discussed above regarding attorneys' fees, the failure to meet the registration requirements bars plaintiff from seeking statutory damages under 17 U.S.C. § 412.  "Section 412 has no exception excusing foreign works from its mandate:  it requires registration to obtain statutory damages for both domestic and foreign works." *The Football Association Premier League Limited v. YouTUBE, Inc.*, 633 F. Supp. 2d 159, 162 (S.D.N.Y. 2009).

Notably, the whereas clause in the Amended Complaint seeks only "actual damages and any profits of Chevaldina," but vaguely states that plaintiff is seeking "any other and further relief this Court deems just and proper." (D.E. 10 at 4.)  It is confusing for Plaintiff to attempt to strike this affirmative defense if he is not seeking damages in any case.

The only "damage" cited by Plaintiff at his deposition was that the photograph depicted him as "underdressed." (Ex. A, Katz Depo. at 90:24-91:2.)   Plaintiff's attorney expressly withdrew Plaintiff's claim for damages.  As stated by Plaintiff's counsel at Plaintiff's deposition, "we are withdrawing a damage claim on the record, only proceeding with an injunctive claim and so, I'm not going to – I'm going to move for a protective order on his finances." (Katz Depo.

---

[4] Plaintiff also argues that no registration is required as a prerequisite to bringing suit because this allegedly is a  foreign work.  (D.E. 41 at 9.)  To the contrary, publication on a public website accessible in the United States (which Haaretz.com is) makes it a United States work, which must be registered prior to bringing suit. *See  Kernel Records Oy*, 694 F. 3d at 1306 ("it may be possible to presume simultaneous worldwide availability of a public website.")   "[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411. Accordingly, copyright registration prior to filing suit is a prerequisite for this lawsuit.

at 62:15-19.)  Plaintiff admits that he seeks only "injunctive relief." (D.E. 41 at 3.)  Accordingly, there is no claim for damages pending in this case, and Plaintiff has no entitlement to damages of any kind.

### e. Failure to Mitigate (Affirmative Defense No. 13.)

Plaintiff has withdrawn any claim for damages. (Katz Depo. at 62:15-19.).  Moreover, Plaintiff has provided no discovery on his damages, much less on any efforts to mitigate them.  There is no basis to strike this affirmative defense.

### f. Fair Use (Affirmative Defense No. 8)

Plaintiff is well aware of Defendant's fair use defense, which was briefed at length by both sides on Defendant's second motion to dismiss. (D.E. 14 and D.E. 18.)  Pages from the blogs were part of the motion.  Plaintiff argued that the fair use issue was "not ripe" and the blog pages were "not properly before the court for consideration on this motion to dismiss." (DE 18 at 1-2.)  It strains credulity for Plaintiff to now argue that he has not been informed of the basis of the defense when he previously argued that Defendant presented **too much** information on her motion to dismiss.  The Court held that the issue "is more appropriately resolved after the complaint has been answered and parties have evaluated any need for discovery." (D.E. 21 at 5.)  The Court also pointed out that fair use may be properly determined at the summary judgment stage. *Id.* at 3 n. 4.  The Amended Complaint, moreover, states that the allegedly infringing photo was used on blogs operated by Defendant, (D.E. 10 ¶9), which blogs are the subject of extensive litigation between Plaintiff and Defendant. *R.K. FL Management, Inc., et al. v. Chevaldina, et al.*, Case No. 11-17842 CA (32).  The motion to strike the fair use defense should be denied.

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

### g. Misuse (Affirmative Defense No. 1)

Courts have held that copyright misuse can be found where the plaintiff seeks to leverage the copyright to undermine invention and creative expression. *See Shloss v. Sweeney*, 515 F. Supp. 2d 1068, 1080 (N.D. Cal. 2007). As discussed herein, this action is brought solely to suppress Defendant's blog. Plaintiff admitted that he did not complain about the photo or seek to acquire the copyright until it was posted on Defendant's blog. As admitted in an email, Plaintiff sought to use the copyright to contest the blog, which he complained was published by "these Russians:" "My attorney is trying to legally eliminate the harassment by very bad Russian people and your cooperation will be appreciated. These Russians are posting the picture on their blog every week in order to embarrass me . . ." (Ex. B.) In other correspondence, Plaintiff admitted that the blogs were "news publications." (Ex. C.) This improper leverage to suppress news about business and litigation practices is a proper basis for the misuse affirmative defense.

### h. Laches (Affirmative Defense No. 3)

The Laches affirmative defense states, "Plaintiff has unreasonably delayed in bringing this action by failing to exercise reasonable diligence, and this delay has prejudiced Defendant . . . ." Plaintiff knew of the photograph on the Haaretz.com website, but did not complain until he saw it on the blog. (Ex. A, Katz Depo. at 83:12-16 – 84:1.)  He knew of use on the blog at least by August 26, 2011, when he wrote to complain about it to the alleged photographer. (Ex. C.) Nevertheless, he did not obtain the assignment (which the alleged photographer was, according to Plaintiff more than willing to give for no consideration),[5] (Ex. A, Katz Depo. at 98:6-12), and bring suit for almost another year in June 2012.

---

[5] The fact that Plaintiff paid nothing for the assignment contradicts the sham recital in the document that it was provided for "good and valuable consideration." (Ex. B, RKFED 0747.)

10

### i. Failure to Join (Affirmative Defense No. 6.)

This affirmative defense states that "Plaintiff has failed to join parties, including without limitation others claiming ownership of the alleged copyright or copyrights asserted by Plaintiff in this action, which are necessary for a full and complete adjudication of its claims, including, without limitation, as required by Rule 19 of the Federal Rules of Civil Procedure . . ." (D.E. 28 at 5.) Because of questions of Plaintiff's ownership of the copyright, the failure to join the actual owner is fatal to Plaintiff's claim. Plaintiff alleges that he obtained "all right, title and interest, including all rights of copyright" in the subject image by "assignment." (D.E. 10 at 2.) Plaintiff claims to have obtained a written assignment of the copyright from a photographer. However, Plaintiff has been unable to produce an original of the assignment and has not established that the alleged assignor owned the copyright. Plaintiff claims that this photograph was published on the Haaretz.com website, (Ex. C), and it may belong to that organization or another person or entity, other than the alleged assignor. Notably, Haaretz.com continued to publish the photograph even after the alleged assignment. (Ex. A, Katz Depo. at 125:14-21.)

### j. Innocence (Affirmative Defense No. 8.)

This affirmative defense alleges that "Defendant acted in good faith, innocent of any knowledge or intent to infringe Plaintiff's rights or cause damage to Plaintiff; and if such good faith and lack of intent does not preclude liability, any general or statutory damages should be reduced accordingly." "[I]nnocence would be relevant with respect to fixing statutory damages."

*Thornton v. J Jargon Co.*, 580 F. Supp. 2d 1261, 1275, n. 6 (M.D. Fla. 2008).

### k. Failure to Mark (Affirmative Defense No. 2)

This affirmative defense alleges that "Plaintiff failed to properly mark its alleged copyrighted material and to give Defendant prior notice of its claims copyright . . ." Lack of knowledge

11

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

would be relevant to statutory damages. *Thornton v. J Jargon Co.*, 580 F. Supp. 2d 1261, 1275, n. 6 (M.D. Fla. 2008). See discussion of innocence above.

### l. Privilege – First Amendment (Affirmative Defense No. 10.)

The First Amendment privilege defense states that "Defendant has a privilege to report court-related matters effecting Plaintiff and Plaintiff's business and to report other business-related events in the public record and is justified . . ." (D.E. 28 at 6.) The first amendment has been recognized as a basis for defending copyright claims. As stated in *Suntrust Bank v. Houghon Mifflin*, 268 F.3d 1257, 1265 and 1276 (11th Cir. 2001), "First Amendment protections [are] interwoven into the copyright law" and "the public interest is always served in promoting First Amendment values and in preserving the public domain from encroachment."

### m. Privilege (Affirmative Defense No. 5.)

This affirmative defense states that "Defendant was privileged to use the photograph in articles describing plaintiff and his business . . ." Similar to the fair use and first amendment affirmative defenses, this affirmative defense asserts a protected use of the image in reporting and commenting on Plaintiff's business and litigation practices.

### n. Fraud (Affirmative Defense No. 11.)

The Fraud Affirmative Defense alleges that "Plaintiff knowingly procured the copyright(s) without authorization of the author and has misrepresented Plaintiff's rights." (D.E. 28 at 6.) Plaintiff claims that he acquired the copyright from the photographer, but no original of the assignment has been produced, and it has not been established that the alleged assignor is the actual owner of the copyright.

### o. Standing (Affirmative Defense No. 12.)

This affirmative defense states "Plaintiff does not own a copyright to the photograph and has

COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

no standing to maintain this action. . . ." (D.E. 28 at 6-7.) Plaintiff claims to have obtained the copyright from the photographer. Plaintiff has failed to produce an original of the assignment agreement. Moreover, Plaintiff failed to investigate whether the assignor was actually the copyright owner, if in fact he was the actual photographer. Notably, the photograph was originally publicized by Haaretz.com, but no assignment for Haaretz.com has been produced. Nor has it been disclosed what the arrangement was between Haaretz.com and the photographer regarding ownership of the copyright. Plaintiffs "must meet the statutory standing requirement contained in the Copyright Act of 1976, 17 U.S.C. § 501(b), which provides that only the legal or beneficial owner of an 'exclusive right' has standing to bring a copyright infringement action in a United States court." *Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290-91 (11th Cir. 2011). Plaintiff accordingly lacks standing to bring this claim.

## IV. Conclusion

This action is unambiguously another front in Plaintiff's SLAPP[6] litigation against an admitted news publication. Plaintiff has suffered no harm other than thinking a photograph, in which he is well and appropriately clothed, somehow depicts him as underdressed. In Plaintiff's mind, the photograph is a "joke." He acquired the copyright solely in an attempt to shut down the blog. This abuse of the Copyright should not be permitted, and certainly Plaintiff's untimely and meritless motion to strike should be denied. To the extent that the court grants the motion as

---

[6] "**SLAPP** (slap). abbr. A strategic lawsuit against public participation — that is, a suit brought by a developer, corporate executive, or elected official to stifle those who protest against some type of high-dollar initiative or who take an adverse position on a public-interest issue (often involving the environment)." SLAPP, Black's Law Dictionary (9th ed. 2009), SLAPP

to any particular defense, Defendant respectfully requests leave to amend the affirmative defenses based on the proffer made in this response.

                              Respectfully submitted,

                              s/David J. Zack
                              COFEY BURLINGTON
                              David J. Zack
                              Florida Bar No. 641685
                              dzack@coffeyburlington.com
                              Kendall Coffey
                              Florida Bar No. 259861
                              2699 South Bayshore Drive
                              Miami, Florida  33133
                              Phone: (305) 858-2900
                              Fax:    (305) 858-5261
                              *Counsel for Defendant Irina Chevaldina*

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 12, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all parties below in the manner specified, either via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized matter for those counsel or parties who are not authorized to receive electronically Noticed of Electronic Filing.

By:  s/David J. Zack_____
        David J. Zack

**Alan Jay Kluger**
Kluger Kaplan Silverman Katzen & Levine PL
201 S Biscayne Boulevard
Suite 1700
Miami, FL 33131
305-379-9000
Fax: 379-3428
Email: akluger@klugerkaplan.com

**Joshua Evan Saltz**
Peretz Chesal & Herrmann, PL
201 S. Biscayne Blvd.
Suite 1750
Miami, FL 33131
305-341-3000
Fax: 305-371-6807
Email: jsaltz@pch-iplaw.com

**Michael B. Chesal**
Peretz Chesal & Herrmann, PL
Miami Center
201 S Biscayne Boulevard
Suite 1750
Miami, FL 33131-8424
305-341-3000
Fax: 305-371-6807
Email: mchesal@pc-iplaw.com

COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com