UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-22211-CIV-KING

RAANAN KATZ,

    Plaintiff,

v.

IRINA CHEVALDINA,

    Defendant.

_____/

## ORDER GRANTING IN PART
## MOTION TO STRIKE AFFIRMATIVE DEFENSES

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Strike Defendant's Affirmative Defenses to Amended Complaint (DE #41), filed March 11, 2013. The Court, being briefed on the matter,[1] finds that the Motion should be granted in part.

### I. BACKGROUND

Plaintiff's Amended Complaint (Am. Compl., DE #10) alleges that he owns the copyright in a picture of himself photographed in Israel in early 2011 (the "Image") and that Defendant, the proprietor and author of several blogs critical of Plaintiff and his business activities, reproduced the Image on multiple occasions without permission. (Am.

---

[1] Defendant filed a Response (DE #46) on April 12, 2013. Plaintiff filed a Reply (DE #47) on April 22, 2013.

1

Compl., ¶¶ 7–10). Plaintiff further alleges that Defendant's unauthorized use of the Image constitutes copyright infringement, pursuant to 17 U.S.C. § 501, by violating Plaintiff's exclusive rights in the Image. (*Id.* at ¶¶ 13–14). Plaintiff seeks actual damages as well as a permanent injunction against Defendant "copying, displaying or otherwise using the Image" and an order that Defendant destroy any existing copies of the Image. (*Id.* at ¶¶ (A)–(D)).

In her Second Motion to Dismiss (DE #14), Defendant did not dispute Plaintiff's factual pleadings. Indeed, she acknowledged using the Image without permission, but argued that copyright's fair use doctrine immunized her from liability. After the Court denied that motion to dismiss on October 5, 2012, *see* (DE #21), Defendant filed an Answer and Affirmative Defenses (DE #24), pleading fifteen affirmative defenses. With the Court's leave (DE #27), Defendant filed Amended Answer and Affirmative Defenses (DE #28) on January 1, 2013, adding a sixteenth affirmative defense for "Litigation Misconduct".

Pursuant to the Court's February 21, 2013 Order extending the time for Plaintiff to move to strike the Amended Answer and Affirmative Defenses, Plaintiff filed the instant Motion on March 11, 2013. Therein, Plaintiff asks the Court either to strike or treat as mere denials Defendant's sixteen affirmative defenses. Defendant, in her Response, voluntarily withdrew without prejudice affirmative defense No. 16, "Litigation Misconduct." Accordingly, the following analysis addresses only the pleading sufficiency of the affirmative defenses numbered 1 through 15.

2

## II. LEGAL STANDARD

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matter." *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989) (quoting *Fla. East Coast Railway Co. v. Peters*, 73 So. 151 (Fla. 1916)). Under Federal Rule of Civil Procedure 12(f),"[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Affirmative defenses are insufficient as a matter of law if they do not meet the general pleading requirements of Rule 8(a) of the Federal Rule of Civil Procedure, which requires 'a short and plain statement' of the defense." *Mid-Continent Cas. Co. v. Active Drywall South, Inc.*, 765 F. Supp. 2d 1360, 1362 (S.D. Fla. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). An affirmative defense may also be stricken as insufficient if: "(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Blount v. Blue Cross and Blue Shield of Fla., Inc.*, Case No. 3:10-cv-1151-J-34MCR, 2011 WL 672450 (M.D. Fla. Feb. 17, 2011).

The striking of an affirmative defense is a "drastic remedy" generally disfavored by courts. *Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962);[2] *see also Blount*, 2011 WL 672450 at *1 ("Striking a defense . . . is disfavored by the courts."). However, a "defendant must allege some additional facts supporting the

---

[2] Decisions of the United States Court of Appeals for the Fifth Circuit handed down by the close of business on September 30, 1980 are binding as precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

3

affirmative defense." *Cano v. South Florida Donuts, Inc.*, No. 09-81248-CIV, 2010 WL 326052, at *1 (S.D. Fla. Jan. 21, 2010). If an affirmative defense consists of "bare bones, conclusory allegations, it must be stricken." *Microsoft Corp. v. Jesse's Comp. & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002). "Furthermore, a court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005); *see also Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F. Supp. 2d 1322, 1328 (S.D. Fla. 2011).

### III. DISCUSSION

As a preliminary matter, the Court addresses Defendant's argument that Plaintiff's Motion to Strike is untimely. Federal Rule of Civil Procedure 12(f) requires that a motion to strike an answer, absent leave of the court, be filed within twenty days of being served with the answer, and Plaintiff never moved to strike the Answer and Affirmative Defenses filed October 26, 2012. However, the relevant document for measuring timeliness of the instant Motion is Defendant's Amended Answer and Affirmative Defenses. *See Koger v. Circuit Cnty. Court ex rel. Broward Cnty. Fla.*, No. 06-61655-CIV-MARRA, 2007 WL 2460736, at *1 (S.D. Fla. Aug. 24, 2007) ("[A]n amended pleading supersedes the prior pleading and the prior pleading becomes a nullity."); *Ciminelli v. Cablevision*, 583 F. Supp. 158, 161 (E.D.N.Y. 1984).[3] The instant Motion

---

[3] The sole case Defendant cites to for contrary support did not involve an amended pleading, and thus is

was filed within the time allotted following Defendant's January 1, 2013 filing of her Amended Answer and Affirmative Defenses and, therefore, was timely. Moreover, even if Plaintiff's Motion had been untimely, the Court could still consider its merits. The Court's discretion under Rule 12(f) "renders the twenty-day rule 'essentially unimportant,' as the Court has the authority to hear a motion to strike at any time after the twenty-day period." *Emmpresa Cubana Del Tabaco v. Culbro Corp.*, 213 F.R.D. 151, 155 n.2 (S.D. Fla. 2003). Accordingly, the Court now turns to the sufficiency of Affirmative Defenses 1 through 15.

### A. *Denials, Not Affirmative Defenses*

"An affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance." *Morrison*, 434 F. Supp. 2d at 1318. "A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *In re Rawson Food Serv. Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1989). Unless the affirmative defense is an avoidance or justification, it should be treated as a denial.

Plaintiff's Amended Complaint alleges that Defendant committed copyright infringement by reproducing and distributing without permission a photograph to which he holds the copyright. To prevail on his claim, Plaintiff must show that (1) he owns a valid copyright in the Image and (2) Defendant copied protected elements of the Image. *See Peter Letterese and Assocs., Inc. v. World Inst. of Scientology Enters.*, 533 F.3d

---

factually inapposite. See (DE #46, p. 3 (citing *Sakolsky v. Rubin Mem'l Chapel, LLC.*, No. 07-80354-CIV-MIDDLEBROOKS, 2007 WL 3197530 (S.D. Fla. Oct. 26, 2007))).

1287, 1300 (11th Cir. 2008). A proper affirmative defense would admit these elements but seek to avoid liability by pleading justifying facts.

Defendant's seventh, twelfth, and fourteenth affirmative defenses each merely lodge an attack on the nature of Plaintiff's pleadings. For example, No. 12, titled "Standing," alleges that Plaintiff does not own the copyright in the Image. That represents a challenge to whether Plaintiff can satisfy a prima facie element of a copyright infringement claim. Thus, it is not an affirmative defense but a denial. Accordingly, the motion, as to striking these affirmative defenses—7, 12, and 14—is denied and the court will treat them as specific denials.

### B. *'Bare Bones, Conclusory Allegations'*

The Court now analyzes whether the remaining affirmative defenses—1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 13, and 15—satisfy Rule 8 pleading standards. These affirmative defenses largely amount to nothing more than "bare bones, conclusory allegations," devoid of any factual support. Three are legally insufficient and stricken with prejudice. The other nine must be alleged with more factual support; they are stricken without prejudice and may be re-filed.

Three of the affirmative defenses—2, 8, and 15—allege defenses to a claim for statutory damages under the Copyright Act.[4] However, Plaintiff does not seek statutory damages but actual damages and an injunction. These affirmative defenses are therefore irrelevant to the relief that Plaintiff seeks and, accordingly, are stricken with prejudice.

---

[4] Those defenses are: (2) "Failure to Mark", (8) "Innocence", and (15) "Statute Bars Statutory Damages".

The remaining affirmative defenses—1, 3, 4, 5, 6, 9, 10, 11, and 13—are alleged with little or no factual support.[5] In fact, these affirmative defenses appear to be a recital of nearly every circumstance that *could* relieve Defendant from liability, but they are asserted without any factual allegations that would necessarily apply to this case. Many of the affirmative defenses fail to even identify the elements of such a defense, let alone provide factual support thereof. Significantly, none satisfy Rule 8 pleading standards.[6] "[A]lthough an affirmative defense 'does not need detailed factual allegations, [it] requires more than labels and conclusions.'" *Mid-Continent Cas.*, 765 F. Supp. 2d at 1361 (quoting *Twombly*, 550 U.S. at 555). Defendant's affirmative defenses do not meet this standard. Indeed, many appear to be the very definition of impermissible "shotgun pleading." *See Morrison*, 434 F. Supp. 2d at 1318. Accordingly, the above-mentioned affirmative defenses are stricken without prejudice as factually insufficient.[7]

## IV. CONCLUSION

Accordingly, after a careful review of the record and being otherwise fully advised, it is **ORDERED, ADJUDGED** and **DECREED** that Plaintiff's Motion to Strike Defendant's Affirmative Defenses to Amended Complaint (**DE #41**) be, and the same is hereby, **GRANTED in part.** Affirmative Defenses 7, 12, and 14 shall be

---

[5] These defenses are: (1) "Misuse", (3) "Laches", (4) "Unclean Hands", (5) "Privilege", (6) "Failure to Join", (9) "Fair Use", (10) "Privilege—First Amendment", (11) "Fraud", and (13) "Failure to Mitigate".

[6] Nor does the affirmative defense of fraud satisfy the heightened pleading requirements under Rule 9.

[7] The Court recognizes that No. 9, "Fair Use," was briefed extensively in Defendant's Second Motion to Dismiss and that Plaintiff is certainly on notice as to this affirmative defense. However, Defendant's Amended Answer and Affirmative Defenses did not incorporate those briefs by reference and merely states that the Amended Complaint "is barred (in whole or part) due to fair use of the photograph," (DE #28, p. 6), without providing any factual support. Having previously briefed the matter does not provide an exemption from Rule 8.

construed as denials and are **NOT STRICKEN**; Affirmative Defenses 1, 3, 4, 5, 6, 9, 10, 11, and 13 are factually insufficient and therefore are **STRICKEN without prejudice**; and Affirmative Defenses 2, 8, and 15 are legally insufficient and therefore are **STRICKEN with prejudice**. If Defendant wishes to re-plead any of the affirmative defenses that are stricken without prejudice, she **SHALL** file a Second Amended Answer and Affirmative Defenses within **twenty (20) days** of this Order.

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States District Courthouse, Miami, Florida this 15th day of May, 2013.

*[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

**Cc: All Counsel of Record**